UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-81137- DIMITROULEAS/MATTHEWMAN

LINDA HAMILTON,

        Plaintiff

v.

NATASHA SHEPARD and CITIBANK.,

        Defendants.
_____/

FILED BY KJZ D.C.
Jun 30, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**MAGISTRATE JUDGE'S OMNIBUS REPORT AND RECOMMENDATION ON PLAINTIFF'S REQUEST FOR DAMAGES AGAINST DEFENDANTS NATASHA SHEPARD AND CITIBANK, AS WELL AS ALL OTHER MATTERS SPECIFIED IN THE COURT'S ORDERS [DE 45; DE 47]; DEFENDANTS' MOTION TO DISMISS [DE 50]; DEFENDANTS' MOTION TO VACATE ENTRY OF DEFAULT JUDGMENT [DE 51]; PLAINTIFF'S MOTION TO CHANGE VENUE [DE 52]; AND PLAINTIFF'S "MOTION TO OBJECT ORDER TO VACATE AND ORDER TO GRANT SUMMARY JUDGEMENT" [DE 57]**

THIS CAUSE is before the Court upon Plaintiff's Request for Damages Against Defendants Natasha Shepard and Citibank as well as all other matters specified in the Court's April 20, 2021 Order [DE 47] and the Order of Reference [DE 45]; Defendants' Motion to Dismiss [DE 50]; and Defendants' Motion to Vacate Entry of Default Judgment ("Motion to Vacate") [DE 51]; Plaintiff's Motion to Change Venue [DE 52]; and Plaintiff's "Motion to Object Order to Vacate and order to grant Summary Judgement" [DE 57], which the Court will construe as a response to the Motion to Vacate and, to the extent it requests relief, as a motion. Defendants replied in support of their Motion to Vacate. [DE 58]. This matter was referred to the undersigned by the Honorable United States District Judge William P. Dimitrouleas for a "report and recommendation regarding proper service of process, Defendants' default, damages, fees, any other remedies to be awarded, and any related issues." [DE 45]. The Court held a hearing on these matters via Zoom Video Teleconference (VTC) on June 6, 2021. [DE 53].

Having heard the parties' argument, carefully reviewed the docket, and being otherwise fully advised, the undersigned **FINDS and RECOMMENDS** as follows.

  **I.**  **BACKGROUND**

On July 14, 2020, Plaintiff Linda Hamilton filed a *pro se* Complaint, purportedly for breach of contract and also perhaps for violation of the Patriot Act and FDIC regulations. [DE 1]. The Complaint names "Citibank" and Natasha Shepard as defendants. *Id.* at 2. Plaintiff claims Rhonda Lawing took $10,000 from her company's account, opened a Citibank account in the company's name without giving Plaintiff access to the account, and deposited the $10,000 at Citibank. Plaintiff is suing Defendants because she cannot access the company's funds at Citibank. *Id.* at 4.

On October 23, 2020, the Court entered an Order to Show Cause why Defendants had not been served since the Complaint's filing in July. [DE 21]. On November 5, 2020, summonses were issued to both Citibank and Ms. Shepard, listing as their address: 388 Greenwich Street, 17th Floor, New York, New York 10031. [DE 22 at 1-2]. According to Defendants' declaration, that address has an incorrect zip code; the correct zip code is 10013, and Defendants never received the summonses. [DE 51-1 ¶¶ 7-8, 10-12].

On November 23, 2020, the Court entered an Amended Order to Show Cause why Defendants still had not been served, directing that a copy of the order be mailed to Plaintiff and enlarging the time for Plaintiff to perfect service. [DE 23]. On the same day, Plaintiff filed a purported proof of service on Defendants. [DE 25]. That filing attaches only a receipt for delivery of a package to New York by the United States Postal Service ("USPS"), but does not identify the addressee of the mail or the address where mail was sent, and does not describe the contents of what was delivered. *Id.* at 3. Plaintiff's filing includes a certificate of service

indicating that a copy was mailed to Defendants at 388 Greenwich Street, 17th Floor, New York, New York 10013. *Id.* at 2. According to Defendants' declaration, Defendants never received either the USPS delivery or a copy of the notice Plaintiff filed with the Court. [DE 51-1 ¶¶ 7-8, 10-12].

On December 13, 2020, the Court issued a Second Order to Show Cause, noting that "[i]t is not clear [] that Plaintiff has met the requirements of Rules 4(e), 4(h), or 4(l), and thereby properly served Defendants." [DE 26]. The order gave Plaintiff until December 30, 2020, to properly serve Defendants. *Id.*

On December 15, 2020, Plaintiff filed a response to the Second Order to Show Cause, attaching a USPS receipt indicating that mail arrived in New York on November 9, 2020, with a handwritten note that "Defendants were served on 11/9/2020 at 6:19 pm." [DE 28]. Again, the filing does not identify the addressee of the mail or the address in New York and does not describe the contents of such delivery. *Id.* This document had no certificate of service. *Id.*

On December 30, 2020, two Affidavits of Process Server were filed, indicating that both Citibank and Ms. Shepard were served on December 28, 2020 by substitute service consisting of leaving a copy of the summons with the intake clerk of CT Corporation as authorized agent in Brooklyn, New York. [DE 29, 30]. However, CT Corporation is not a registered agent of either Defendant authorized to accept service of process. [DE 51-1 ¶ 9]; *see* DE 48 (letter dated April 15, 2021 filed with the Court by CT Corporation indicating it "is not the registered agent for an entity by the name of Citibank" in New York). CT Corporation sent Plaintiff a letter in December 2020 informing her of the same. [DE 51-2].

On February 5, 2021, the Court issued a sua sponte Order to Show Cause for Lack of Prosecution. [DE 33]. The order indicated that Citibank and Ms. Shepard were served on

3

December 28, 2020, had not timely responded, and Plaintiff should move for entry of a Clerk default. *Id.*  The order directed the Clerk to mail copies of the order to both Plaintiff and to Defendants. *Id.*  The Clerk's note on the docket indicates that a copy of the order was "mailed to plaintiff."  [DE 34]. According to Defendants' declaration, Defendants never received a copy of the order. [DE 51-1 ¶¶ 7-8, 10-12].

On February 18, 2021, Plaintiff moved for entry of a Clerk's default against Defendants [DE 35], which the Clerk issued [DE 36].  According to Defendants' declaration, Defendants did not receive a copy of the motion nor did Defendants receive a copy of the Clerk's Default.  [DE 51-1 ¶¶ 7-8, 10-12].

On February 25, 2021, Plaintiff moved for a default final judgment against Defendants [DE 37]. The motion represented that copies were sent to Defendants at two addresses: 388 Greenwich Street, 17th Floor, New York, New York 10031 (incorrect zip code) and 28 Liberty St., 42nd Floor, New York, New York 10005.  [DE 37 at 2].  It also represented that a copy was sent to CT Corporation at 28 Liberty St., 42nd Floor, New York, New York 10005.  *Id.* According to Defendants' declaration, Defendants never received this correspondence or a copy of the motion, and the 28 Liberty St. address is not a Citibank address. [DE 51-1 ¶¶ 7-8, 10-13].

On March 24, 2021, the Court entered an Order to Show Cause, ordering that, on or before April 7, 2021, Defendants show cause why Plaintiff's Motion for Default Final Judgment should not be granted.  [DE 40]. The order directed the Clerk to mail a copy to Defendants at 388 Greenwich Street, 17th Floor, New York, New York 10031 (incorrect zip code) and 28 Liberty St., 42nd Floor, New York, New York 10005. *Id.* The Clerk's note on the docket indicates that a copy was "mailed to all addresses listed on order."  [DE 41]. According to Defendants' declaration, Defendants never received a copy of the order.  [DE 51-1 ¶¶ 7-8, 10-13].

4

On April 9, 2021, the Court granted Plaintiff's Motion for Default Final Judgment. [DE 42]. The order directed the Clerk to mail a copy to Defendants at 388 Greenwich Street, 17th Floor, New York, New York 10031 (incorrect zip code) and 28 Liberty St., 42nd Floor, New York, New York 10005. *Id.* The Clerk's note on the docket indicates that a copy was "mailed to Linda Hamilton, Citibank, Natasha Shepard." [DE 44]. According to Defendants' declaration, Defendants never received a copy of the order. [DE 51-1 ¶¶ 7-8, 10-13].

On April 9, 2021, as amended on April 13, 2021, a Final Default Judgment as to Defendants' liability was entered, and the Court referred the matter to the undersigned. [DE 43, 45]. In the amended order, the Court directed the Clerk to mail a copy of the order to Plaintiff. [DE 45]. The Clerk's note on the docket indicates that a copy was mailed to Plaintiff. [DE 46]. According to Defendants' declaration, Defendants never received a copy of the order. [DE 51-1 ¶¶ 7-8, 10-13].

On April 20, 2021, the undersigned issued an order setting Plaintiff's request for damages and further relief for hearing on June 3, 2021, noting that it would also address, among other things, the issues of service of process on Defendants, personal jurisdiction, whether "Citibank" is a proper legal entity, and the legal sufficiency of the claims alleged in the Complaint. [DE 47]. The order directed the Clerk's office to send a copy of the order by first class U.S. Mail and by Certified Mail, return receipt requested, to Ms. Shepard at 388 Greenwich Street, 17th Floor, New York, New York 10013-2362 (correct zip code), and by email to natasha.l.shepard@citi.com. *Id.* The order further directed the Clerk's office to send a copy of the order by first class U.S. Mail and by Certified Mail, return receipt requested, to Citibank at two addresses: 388 Greenwich Street, 17th Floor, New York, New York 10013-2362 (correct zip code), and 399 Park Avenue, New York, NY 10022. *Id.*

On April 20, 2021, Ms. Shepard received the undersigned order via email from the Clerk's Office. [DE 51-1 ¶ 11]. According to Defendants' declaration, this was the first time Ms. Shepard, who is an attorney, or Citibank (via Ms. Shepard) received notice of this action from the Court or learned a default judgment had been entered. *Id.* Citibank also received a copy of the order by certified mail sent to the 399 Park Avenue address. [DE 49].

On May 24, 2021, Defendants filed their Motion to Dismiss, arguing the Complaint should be dismissed "for insufficient service of process, lack of subject matter jurisdiction, failure to state a cause of action, lack of personal jurisdiction over Ms. Shepard, and failure to join an indispensable party." [DE 50 at 1]. Defendants also moved to strike the claim for punitive damages. *Id.* Defendants contemporaneously filed their Motion to Vacate, arguing, *inter alia*, the default judgment is void for lack of service of process. [DE 1].

## II.   DISCUSSION

### i.   *Motion to Vacate Entry of Default Judgment*

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding for," among other things, "mistake, inadvertence, surprise, [] excusable neglect," if "the judgment is void," or "any other reason that justifies relief." Fed. R. Civ. Pro. 60(b)(1), (4), and (6). "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Madura v. BAC Home Loans Servicing, L.P.*, 773 Fed. Appx. 1053, 1056 (11th Cir. 2019), *cert. denied,* 140 S. Ct. 459 (2019) (citation and internal quotation omitted). "Service of process is a jurisdictional requirement: a court lacks jurisdiction

over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).

After hearing from the parties at the June 6, 2021 hearing, and after carefully considering all of the evidence and the entire docket, it is clear that Plaintiff never obtained or effected proper service of process over Defendants in compliance with Federal Rule of Civil Procedure 4, rendering the final default judgment void as a matter of law. The undersigned need not fully address all the remaining arguments in the Motion to Vacate but Defendants are also entitled to relief due to mistake, surprise, and excusable neglect under Federal Rule of Civil Procedure 60(b)(1). The undersigned recommends that the final default judgment and all other defaults and judgments entered in this case be set aside because, *inter alia*, the judgment is void due to the failure of Plaintiff to properly and legally effect service of process on either Defendant.

### ii.     *Motion to Dismiss*

The undersigned also recommends that the Motion to Dismiss should be granted for insufficient service of process for the reasons previously discussed. The Court also finds that the Complaint fails to state a cause of action and should be dismissed without prejudice.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in a complaint. Although the Court must assume that the factual allegations in the complaint are true, the Court is not required to accept conclusory allegations and legal conclusions as true. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1290 (11th Cir. 2010) (construing *Ashcroft v. Iqbal*, 556 U. S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings by *pro se* plaintiffs must comply with the Federal and Local rules but will be liberally construed. *Tannenbaum v. United States*, 148 P.3d 1262, 1263 (11th Cir. 1998).

It appears that Plaintiff is attempting to assert breach of a written contract. [DE 1 at 4]. To state a claim for breach of contract, Plaintiff must plead: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Marchisio v. Carrington Mortg. Servs.*, LLC, 919 F.3d 1288, 1313 (11th Cir. 2019) (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)).

In the Complaint, Plaintiff represents that she and "Citibank" entered into a contract on July 1, 2019 [DE 1 at 4] but the written contract is not attached to the Complaint. Further, the Complaint fails to describe the purported terms of the contract, fails to allege how the contract was supposedly breached, and fails to describe how any damages resulted from the alleged breach of contract.

Moreover, the factual allegations seem to contradict the existence of any contract between Plaintiff and Citibank by describing that the Citibank account at issue was opened by another person, Ms. Lawing, for a business account to which Plaintiff has been denied access. Plaintiff alleges "Citibank" failed to "render the correct services under [the] Patriot Act and the FDIC regulations for banks" in relation to her business partner's deposit of $10,000 into the Citibank account. *Id*. However, this conclusory statement lacks any support and fails to allege sufficient facts to state any cause of action, and the Complaint does not explain how the Patriot Act or any FDIC regulation were violated, or if violated, whether any such violation even gives rise to a civil cause of action.

In addition, Plaintiff does not make any allegations with respect to Ms. Shepard and asserts no valid cause of action against her whatsoever. The Complaint also is filed against a vague and nebulous entity called "Citibank" but Plaintiff fails to describe which specific Citibank entity she is suing, whether it is incorporated and, if so, where it is incorporated. Merely

8

filing a claim against "Citibank" without any further specifics is vague, imprecise, and improper under the Federal Rules of Civil Procedure.

The Court finds that Plaintiff's Complaint wholly fails to state a cause of action against either Defendant and should be dismissed without prejudice to provide Plaintiff an opportunity to file an amended complaint in a timely manner if she wishes to do so, and thereafter effect proper service of any amended complaint upon any Defendant in a timely manner.  Any amended complaint must comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10.

### III.    CONCLUSION AND RECOMMENDATION

In light of the foregoing, the undersigned recommends as follows:

1. Defendants' Motion to Dismiss [DE 50] should be **GRANTED** for insufficient service of process and failure to state a cause of action;

2. Plaintiff's Complaint [DE 1] should be **DISMISSED without prejudice** and Plaintiff granted leave to file an amended complaint and properly serve any Defendant in a timely manner;

3. Defendants' Motion to Vacate Entry of Default Judgment [DE 51] should be **GRANTED**;

4. The Amended Final Default Judgment [DE 45] should be **VACATED and SET ASIDE**;

5. The entry of the Clerk's default [DE 36] should be **VACATED and SET ASIDE**;

6. To the extent Plaintiff's "Motion to Object Order to Vacate and order to grant Summary Judgement" [DE 57] seeks relief, it should be **DENIED without**

**prejudice**. Plaintiff can renew any argument raised, if necessary, after filing a valid complaint and performing proper service over any Defendant; and

7. Plaintiff's Motion to Change Venue [DE 52] should be **DENIED as moot**. Plaintiff can renew any argument raised, if necessary, after filing a valid complaint and performing proper service over any Defendant.

The Clerk of Court is **DIRECTED** to mail a copy of this Report and Recommendation to Linda Hamilton, 11192 Tangerine Blvd., West Palm Beach, FL 33412. Counsel for Defendants is **DIRECTED** to email a copy of this Report and Recommendation to Plaintiff.

## IV.  NOTICE OF RIGHT TO FILE OBJECTIONS

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers this 30th day of June, 2021, at West Palm Beach, Palm Beach County in the Southern District of Florida.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge